IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

RENE JACQUES,

    Plaintiff,

v.                                                     Civil Action No.: _____

WIPRO LIMITED,
    **SERVE:**    **Registered Agent**
                     **CT Corporation System**
                     **4701 Cox Road, Suite 285**
                     **Glen Allen, VA 23060**

    Defendant.

                                                                         **JURY TRIAL**
                                                                         **DEMANDED**

## <u>COMPLAINT</u>

Plaintiff Rene Jacques ("Jacques"), by counsel, submits this Complaint against his former employer Wipro Limited ("Wipro"), alleging race and national origin discrimination, and retaliatory discharge, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (violation of civil rights). Venue is proper in this District, as the location of the parties and the location of the events complained of herein.

<u>PARTIES</u>

2. Jacques is black male of Haitian national origin, residing in Caroline County, Virginia.

3. Wipro is a global information, consulting and outsourcing company with over 170,000 employees serving clients in over 175 cities across the world. The company provides software development, infrastructure management, business process outsourcing and consulting services.

Wipro's world headquarters are located in Bangalore, India. Wipro maintains an office in the Richmond area at 11013 West Broad Street, Glen Allen, Virginia 23060, in Henrico County.

ALLEGATIONS

4. Jacques graduated with a bachelor's degree in General Studies with an emphasis in information technology from the University of South Florida in August 2017.

5. On December 12, 2017, Jacques entered into a contract of employment with Wipro to work as a project engineer. Jacques was responsible for supporting a team and providing engineering help on technical projects. On January 8, 2018, Jacques was assigned to work at Capital One Corporation in Henrico County. He earned a salary of $68,400 annually.

6. Jacques worked on "Team Jackalope," which was comprised of ten computer software engineers and was led by Paulose Poovathukaran, the Delivery Manager. None of the individuals leading Team Jackalope were involved in the decision to hire Jacques.

7. Jacques was the only black individual on Team Jackalope. The majority of the employees were of East Indian descent.

8. Being a recent college graduate, Jacques had little information technology experience. All of the other project engineers on Team Jackalope had between 2 and 10 years of experience.

9. Typically, Wipro assigns new project engineers a mentor during their first three months to teach them Capital One's data processing systems and explain general expectations before they were allowed to manage processes on their own.

10. Jacques, however, was not assigned a mentor. When he asked his team leader, Geethanjali Chinnasamy, whether she was his mentor, she replied dismissively, "Sort of." Chinnasamy provided Jacques no support and made him reluctant to ask her questions.

11. Jacques was placed a distinct disadvantage by not having a mentor. For instance, on his first or second day on Team Jackalope, Jacques was assigned to perform a complete history load test without being provided sufficient knowledge of the system. Chinnasamy assigned another project engineer named Vinay Vaidya to help Jacques on that project. Although Vaidya had at least one year of experience, neither he nor Jacques were able to complete to project. Vaidya approached Chinnasamy about the challenges they were facing, but she blamed only Jacques when the project was not completed.

12. Chinnasamy also excluded Jacques from team activities. Often, he was given tasks such as inputting data into an algorithm, without explanation of the larger scope of the project. Whenever Jacques asked questions to gain a greater understanding of the processes in order to work more efficiently, Chinnasamy told him to ask one of his co-workers. At other times, Chinnasamy simply responded sarcastically, "You've been here how long?"

13. In addition to the lack of support and failure to appoint a mentor, Jacques was not given the same access to database management systems as his co-workers. He was also frequently kept in the dark and excluded from communications that directly impacted his job responsibilities. Despite being excluded, Wipro managers held Jacques to the same standard as co-workers who were provided communication and afforded assistance that he was denied. Despite this lack of support, Jacques performed his duties well.

14. On one particular occasion, Chinnasamy excluded Jacques from an email with instructions she sent to the other Wipro employees. As a result of working without instructions, Jacques had to redo his work because it did not align with the work performed by the other team members.

15. Based on all of his interactions with Chinnasamy, Jacques concluded that she was motivated by a desire to remove him from Team Jackalope rather than integrate him into it.

16. Upon information and belief, Chinnasamy and other Wipro managers denied Jacques mentoring and training opportunities, and otherwise excluded him from work communications that would have aided in the performance of his tasks, on account of illicit bias against his black race and African descent, and his Haitian national origin.

17. Jacques told the Delivery Manager Poovathukaran several times about his concern over not being assigned a mentor. These concerns were ignored.

18. On or about August 30, 2018, Jackalope team member Prabhugouda Maganor gave Jacques a new assignment. Jacques asked Maganor some questions regarding the project as they arose. Chinnasamy immediately called a meeting with Poovathukaran and Jacques wherein she complained that the tasks assigned him were minimal and that he should not be struggling to complete them. Jacques responded that some of the tasks were unfamiliar to him and that he asked questions of Maganor to avoid making mistakes. Chinnasamy told Jacques that he was a hard worker but could not get up to speed. Jacques viewed this as an insult to his mental abilities.

19. In that August 30, 2020 meeting the decision was made to remove Jacques from Team Jackalope.

20. On September 13, 2018, Jacques approached Poovathukaran and Wipro supervisor Venkata Somireddy in a final appeal to keep his on position Team Jackalope. Somireddy said that Jacques was "a good employee but not a good fit."

21. Jacques was replaced on Team Jackalope by a white male named Joseph Kebler. Jacques considered this discriminatory since not Kebler had not produced a deliverable to Capital One in the preceding two months.

4

22. For two months after being removed from Team Jackalope, Jacques was routinely called upon to train and instruct Kebler in Jacques' former position. In fact, Jacques was sometimes asked to review and correct the work of senior engineers before their work was loaded onto Capital One's system.

23. At some point between mid-September and late-November 2018, Jacques interviewed for a position on a different team at Capital One that required knowledge of the database management system Snowflake and interactive data visualization software Tableau. Jacques was told that he was ineligible for the team because he was not familiar with Tableau. At Wipro's urging, however, Capital One assigned Kebler for the team despite not knowing either Snowflake or Tableau.

24. In October 2018, Jacques lodged a complaint with Wipro manager Rajesh Krishnan regarding the mistreatment he encountered while at working on Team Jackalope. Krishnan urged Jacques not to escalate his complaint to company management, but instead promised to hold a meeting with Poovathukaran and Chinnasamy to resolve his issues. Despite repeated discussions, Krishnan never arranged the promised meeting. In December 2018, Jacques sent Krishnan an email of his complaints.

25. After being placed in a "free pool" of unassigned project engineers for several months, in late-September or early-October 2019, Jacques lodged a complaint with Wipro Ombudsperson Krishnan Kuamri that he was being subjected to discrimination because of his race and national origin. Kuamri was dismissive of Jacques' complaint, saying only that America was a "hot market" and that he should be able to find other employment. Kuamri demanded proof that Jacques had lodged a discrimination complaint within 90 days removal from Team Jackalope. Jacques furnished her a screenshot of his December 2018 email to Rajesh Krishnan.

26. While in the free pool, Jacques searched for other opportunities within Wipro, as instructed by his managers. Jacques was blocked from seeing the content of emails regarding his job search, leading him to believe that Wipro managers were impeding his job search. On October 15, 2019, Jacques was terminated from employment with Wipro.

27. As a result of being denied terminated from employment, Jacques has suffered lost salary and benefits. The experience of being denied mentoring and training, being excluded from work communication, and then being alternatively told that his removal from Team Jackalope was due to poor work performance and then not due to poor work performance, inflicted on Jacques significant emotional distress, humiliation and mental anguish. The termination of his employment has caused Jacques to suffer injury to his employment history and had deprived him of other valuable employment and career advancement opportunities.

<u>COUNT I</u>
RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

28. By subjecting Jacques to discrimination in the terms and conditions of his employment on account of his black race, described herein, Wipro violated his rights to be free from race discrimination in employment under 42 U.S.C. § 1981.

29. Jacques' injuries entitle him to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

## COUNT II
### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

30. By subjecting Jacques to discrimination in the terms and conditions of his employment on account of his Haitian national origin, as described herein, Wipro violated his rights to be free from national origin discrimination in employment under 42 U.S.C. § 1981.

31. Jacques' injuries entitle him to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

## COUNT III
### RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII, 42 U.S.C. § 1981

32. By discharging Jacques from employment for complaining of race and national origin discrimination, as described herein, Wipro violated his rights to be free from retaliation under 42 U.S.C. § 1981.

33. Jacques' injuries entitle him to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

WHEREFORE, the plaintiff Rene Jacques requests reinstatement and an award of compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) for (a) loss of past and future earnings, including fringe benefits; (b) loss of personal and professional reputation and esteem; (c) humiliation, pain and suffering, and emotional distress; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

        Respectfully submitted,

        RENE JACQUES


       By: /s/ Scott G. Crowley
            Counsel

Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY, P.C.
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, Virginia 23060
Tel.: (804) 205-5010
Fax: (804) 205-5001
Email: scrowley@crowleyandcrowley.com
 *Counsel for plaintiff Rene Jacques*